UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES TAYLOR, )<br>)<br>       Petitioner     )<br>)<br>       v.                       )<br>)<br>ED BUSS,                      )<br>)<br>       Respondent   ) | No. 3:05cv0308 AS |

*MEMORANDUM OPINION AND ORDER*

On or about May 20, 2005, *pro se* petitioner, James Taylor, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 21, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. To cut to the chase, there are decisions by the Court of Appeals of Indiana to be noted. One is an unpublished memorandum decision entered by that court on January 25, 2005, authored by Judge Baker and concurred in by Judges Sharpnack and Friedlander. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. Earlier on August 31, 1999, there was another unpublished decision by the Court of Appeals of Indiana authored by Judge Mattingly and concurred in by Chief Judge Sharpnack and Baker which is marked as Appendix "B", attached hereto and incorporated herein.

On October 16, 1998, the state trial court sentenced this petitioner to 50 years in prison. The direct appeal to the Court of Appeals of Indiana is reflected in Appendix "B" in a decision entered

November 11, 1999. No effort was made to seek transfer to the Supreme Court of Indiana. Later, as indicated in Appendix "A", there were post-conviction proceedings in the state trial court which ended in a decision by the Court of Appeals of Indiana. In that case, the Supreme Court of Indiana denied transfers on April 7, 2005. This petition was filed on May 20, 2005, and this petitioner is the beneficiary of *Houston v. Lack,* 487 U.S. 266 (1988), to the extent that it helps him any here.

Taylor's petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief.

28 U.S.C. § 2244(d) states,

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run from the latest of several events. As relevant here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

For purposes of calculating the limitation period, the Court must determine when Taylor's

2

direct criminal appeal was, or would have been, concluded. Taylor's judgment of conviction became final on February 7, 2000, when the time to seek certiorari from the United States Supreme Court expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Therefore, he had until February 8, 2001, to file his petition for writ of habeas corpus, or a state petition for post conviction relief which would toll the statute of limitations. Taylor did file a petition for post conviction relief on September 3, 2003. But the petition for post conviction relief didn't toll the statute because by the time it was filed the statute of limitations had expired by more than two years. When he filed this petition on May 20, 2005 the statute of limitations had run by more than four years. Accordingly, Taylor's petition for writ of habeas corpus is untimely and his claims are time-barred.

For the reasons stated, the petition is DENIED.

SO ORDERED

DATED: March 2, 2006

          S/ ALLEN SHARP
          ALLEN SHARP, JUDGE
          UNITED STATES DISTRICT COURT